mony was introduced to prove this agreement. This was held error on a previous appeal in this case, reported 13 *S. C.* 328. At the second trial, without any amendment of the pleadings, defendant offered to prove that the account for which the note was given contained overcharges, and that there was nothing due thereon when this note was given. The presiding judge (Aldrich) ruled that this testimony was incompetent. *Held*, that this ruling was correct, the testimony offered not being pertinent to any issue raised in the pleadings. OPINION by MR. CHIEF JUSTICE SIMPSON, March 6th, 1883. *Moore* and *Murray & Murray*, for appellant. *Harrison & Broyles*, contra. Mr. Justice McGowan, having been of counsel, did not sit.

No. 1352. **Foster** *v.* **Fowler.** November Term, 1882.
1. A finding of fact by referee and Circuit judge approved.
2. If a wife, prior to 1868, waived her equity in favor of her husband, the proceeds of the sale of her inheritance paid to him would be a good payment, and such waiver established by the circumstances in this case. Judgment of the Circuit Court (Pressley, J.,) affirmed. OPINION by MR. JUSTICE McGOWAN, March 6th, 1883. *J. W. Ferguson*, for appellant. *Holmes & Simpson*, contra.

No. 1355. **Jowers** *v.* **Stansell.** November Term, 1882. Order of Judge Hudson refusing a motion for non-suit in action for tresspass upon land, not disturbed, there being evidence of possession, both actual and constructive, by plaintiff, and of defendant's trespass, and the verdict being for plaintiff. OPINION by MR. CHIEF JUSTICE SIMPSON, March 8th, 1883. *H. M. Thompson*, for appellant. *Robert Aldrich*, contra.